## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

1. KATHY POOL, )
   )
   Plaintiff, )
   )
   v. ) Case No. CIV-15- 714-HE
   )
1. MISSION GROUP KANSAS, INC. )
   d/b/a WRIGHT CAREER COLLEGE, )
   )
   Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

## PARTIES

1. The Plaintiff is Kathy Pool, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Mission Group Kansas, Inc., d/b/a Wright Career College, a foreign not for profit corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for age discrimination, including termination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Oklahoma's Anti-Discrimination Act ("OADA"). Jurisdiction is proper in this Court under 29 U.S.C. § 626(c) and 28 U.S.C. §1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and is a covered

employer under the ADEA. There is no minimum employee requirement to be liable under Oklahoma's Anti-discrimination Act.

6. Plaintiff was employed by the Defendant from around May 1985 until she was terminated around December 8, 2014, excepting approximately eighteen (18) months around 1989.

7. At the time of her termination, Plaintiff worked as the Corporate Director of Admission.

8. Plaintiff's performed her job duties satisfactorily and possessed all qualifications necessary to continue performing her job.

9. Plaintiff was sixty (60) years old at the time of her termination.

10. Plaintiff was significantly older than the other persons in her department.

11. Plaintiff began to notice a trend of Defendant's older employees being removed from their positions and/or forced to retire.

12. On or around December 8, 2014, Plaintiff was terminated by Jim Miller, Chairman of the Board.

13. The reason Defendant later gave to Plaintiff is that her position was being eliminated. Such reason is pretextual in that Plaintiff's position was not eliminated.

14. Plaintiff was later replaced by a significantly younger (approximately fifteen (15) years), less experienced female, Kristi Wilson.

15. At the least Plaintiff's termination was motivated by her age.

16. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including but not necessarily limited to worry, frustration, embarrassment, depression and similar unpleasant emotions.

17. Plaintiff has exhausted her administrative remedies by timely filing a charge of

discrimination with the EEOC on January 14, 2015, which is less than 180 days after the discriminatory acts and termination. The EEOC issued Plaintiff's right to sue letter on May 6, 2015. Plaintiff received her right to sue letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter. These filings exhausted all requirements under the law.

18. Discrimination on the basis of age violates the Age Discrimination in Employment Act and Oklahoma's Anti-Discrimination Act.

19. As the direct result of Defendant's age discriminatory actions, Plaintiff suffered the damages set out above.

20. Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, and costs and liquidated damages under the OADA. Willfulness is not required to recover liquidated damages under the state law claim, however such actions were a willful violation of Plaintiff's rights.

21. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of liquidated damages.

**WHEREFORE,** Plaintiff prays that she be granted judgment in her favor and against the Defendant on all of her claims and that this Court grant the Plaintiff all available compensatory damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 1ˢᵗ  DAY OF JULY, 2015**.

        HAMMONS, GOWENS, HURST & ASSOC.

        s/ Leah M. Roper
        Mark Hammons, OBA No. 3748
        Amber L. Hurst OBA No. 21231
        Leah M. Roper, OBA No. 32107
        325 Dean A. McGee Ave.
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Facsimile: (405) 235-6111
        Email: leah@hammonslaw.com
        *Counsel for Plaintiff*
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED